**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| NETGEAR, INC., | Case No. 1:24-cv-05338-RER-RML |
|            Plaintiff, | |
|    v. | **JURY TRIAL DEMANDED** |
| FIREMALL LLC, | |
|            Defendant. | |

---

FIREMALL LLC,

           Counterclaim-Plaintiff,

   v.

NETGEAR, INC.,

           Counterclaim-Defendant.

---

## DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIMS

Defendant Firemall LLC ("Defendant" or "Firemall"), through its counsel, hereby responds to the Complaint dated July 9, 2024 (ECF No. 1, "Complaint") of Plaintiff Netgear, Inc. ("Plaintiff" or "Netgear") as set forth below.  In response to all paragraphs of the Complaint, Defendant denies each and every allegation except as expressly admitted herein. Defendant responds specifically to Plaintiff's averments as follows:

### NATURE OF THE ACTION

1.      Defendant admits that the Complaint purports to seek injunctive relief and damages; however, Defendant denies that the action has any legal merit. Defendant denies the remaining allegations of paragraph "1" of the Complaint.

2.     Defendant denies the allegations of paragraph "2" of the Complaint.

3.     Defendant admits that the Complaint purports to seek injunctive relief and damages; however, Defendant denies that the action has any legal merit. Defendant denies the remaining allegations of paragraph "3" of the Complaint.

## JURISDICTION AND VENUE

4.     Defendant admits that the Court has subject matter jurisdiction over this action; however, Defendant denies that the action has any legal merit.

5.     Defendant admits that it is a New York corporation and that it is subject to personal jurisdiction in this Court for purposes of this action.

6.     Defendant admits that venue is proper in this District for purposes of this action. Defendant denies the remaining allegations of paragraph "6" of the Complaint.

## THE PARTIES

7.     Defendant denies the allegations of paragraph "7" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

8.     Defendant admits that it is a New York limited liability company with an address in Monsey, New York. Defendant further admits that it operates the Amazon storefront named "Firemall LLC" (Merchant ID: A9VBWN1Q1U6E6).

## GENERAL ALLEGATIONS

9.     Defendant admits that the U.S. Patent and Trademark Office ("USPTO") has issued U.S. Registration No. 2,124,219 for NETGEAR on, *inter alia*, "computer network interconnection hardware, namely, routers, bridges, hubs, and switches" and U.S. Registration No. 5,760,720 for NETGEAR, according to the database maintained by the USPTO. Defendant otherwise denies the

allegations of paragraph "9" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

10.     Defendant denies the allegations of paragraph "10" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

11.     Defendant denies the allegations of paragraph "11" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

12.     Defendant denies the allegations of paragraph "12" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

13.     Defendant denies the allegations of paragraph "13" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

14.     Defendant denies the allegations of paragraph "14" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

15.     Defendant denies the allegations of paragraph "15" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

16.     Defendant admits that it has resold NETGEAR branded products through its storefront on the Amazon.com marketplace. Defendant denies the remainder of the allegations in paragraph "16" of the Complaint.

17.     Defendant denies that any party needs to be "authorized" by a brand in order to resell genuine goods. *See H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1023 (2d Cir. 1989).  Defendant denies the remainder of the allegations in paragraph "17" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

18.     Defendant denies the allegations of paragraph "18" of the Complaint.

19.     Defendant denies the allegations of paragraph "19" of the Complaint.

20.     Defendant denies the allegations of paragraph "20" of the Complaint.

21.     Defendant denies the allegations of paragraph "21" of the Complaint.

22.     Defendant denies the allegations of paragraph "22" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

23.     Defendant denies the allegations of paragraph "23" of the Complaint.

24.     Defendant denies the allegations of paragraph "24" of the Complaint.

25.     Defendant denies the allegations of paragraph "25" of the Complaint.

26.     Defendant denies the allegations of paragraph "26" of the Complaint.

27.     Defendant denies the allegations of paragraph "27" of the Complaint.

28.     Defendant denies the allegations of paragraph "28" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

29.     Defendant denies the allegations of paragraph "29" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

30.      Paragraph "30" states a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph "30" of the Complaint.

31.      Defendant denies the allegations of paragraph "31" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

32.      Defendant denies the allegations of paragraph "32" of the Complaint.

33.      Defendant denies the allegations of paragraph "33" of the Complaint.

34.      Defendant denies the allegations of paragraph "34" of the Complaint.

35.      Defendant denies the allegations of paragraph "35" of the Complaint.

36.      Defendant admits that paragraph "36" of the Complaint appears to include an excerpt of a screenshot of its storefront on Amazon.com. Defendant denies the remainder of the allegations of paragraph "36" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

37.      Defendant denies the allegations of paragraph "37" of the Complaint.

38.      Defendant denies the allegations of paragraph "38" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

39.      Defendant denies the allegations of paragraph "39" of the Complaint.

40.      Defendant denies the allegations of paragraph "40" of the Complaint.

41.      Defendant denies the allegations of paragraph "41" of the Complaint.

42.      Defendant denies the allegations of paragraph "42" of the Complaint.

43.      Defendant denies the allegations of paragraph "43" of the Complaint.

44.      Defendant denies the allegations of paragraph "44" of the Complaint.

45.     Defendant denies the allegations of paragraph "45" of the Complaint.

46.     Defendant denies the allegations of paragraph "46" of the Complaint.

47.     Defendant denies the allegations of paragraph "47" of the Complaint.

48.     Defendant denies the allegations of paragraph "48" of the Complaint.

49.     Defendant denies the allegations of paragraph "49" of the Complaint.

50.     Defendant denies the allegations of paragraph "50" of the Complaint.

51.     Defendant denies the allegations of paragraph "51" of the Complaint.

52.     Defendant denies the allegations of paragraph "52" of the Complaint.

### COUNT I

53.     Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "53" of the Complaint with the same force and effect as though set forth at length.

54.     Defendant admits that the Complaint purports to allege a claim for federal trademark infringement under 15 U.S.C. § 1114; however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

55.     Defendant denies the allegations of paragraph "55" of the Complaint.

56.     Defendant denies the allegations of paragraph "56" of the Complaint.

57.     Defendant denies the allegations of paragraph "57" of the Complaint.

58.     Defendant denies the allegations of paragraph "58" of the Complaint.

59.     Defendant denies the allegations of paragraph "59" of the Complaint.

### COUNT II

60.     Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "60" of the Complaint with the same force and effect as though set forth at length.

61.     Defendant admits that the Complaint purports to allege a claim for false designation of origin under 15 U.S.C. § 1125(a); however, Defendant denies that the Complaint states such a claim or that the action has any legal merit.

62.     Defendant denies the allegations of paragraph "62" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

63.     Defendant denies the allegations of paragraph "63" of the Complaint in that it presently lacks sufficient knowledge or information upon which to form a belief as to the truth thereof.

64.     Defendant denies the allegations of paragraph "64" of the Complaint.

65.     Defendant denies the allegations of paragraph "65" of the Complaint.

66.     Defendant denies the allegations of paragraph "66" of the Complaint.

67.     Defendant denies the allegations of paragraph "67" of the Complaint.

68.     Defendant denies the allegations of paragraph "68" of the Complaint.

69.     Defendant denies the allegations of paragraph "69" of the Complaint.

70.     Defendant denies the allegations of paragraph "70" of the Complaint.

## COUNT III

71.     Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "71" of the Complaint with the same force and effect as though set forth at length.

72.     Defendant denies the allegations of paragraph "72" of the Complaint.

73.     Defendant denies the allegations of paragraph "73" of the Complaint.

74.     Defendant denies the allegations of paragraph "74" of the Complaint.

75.     Defendant denies the allegations of paragraph "75" of the Complaint.

76.     Defendant denies the allegations of paragraph "76" of the Complaint.

77.     Defendant denies the allegations of paragraph "77" of the Complaint.

78.     Defendant denies the allegations of paragraph "78" of the Complaint.

## COUNT IV

79.     Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "79" of the Complaint with the same force and effect as though set forth at length.

80.     Paragraph "80" states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph "80" of the Complaint.

81.     Defendant denies the allegations of paragraph "81" of the Complaint.

82.     Defendant denies the allegations of paragraph "82" of the Complaint.

83.     Defendant denies the allegations of paragraph "83" of the Complaint.

84.     Defendant denies the allegations of paragraph "84" of the Complaint.

85.     Defendant denies the allegations of paragraph "85" of the Complaint.

## COUNT V

86.     Defendant repeats and reiterates each and every one of the foregoing answers in response to the allegations made in paragraph "86" of the Complaint with the same force and effect as though set forth at length.

87.     Paragraph "87" states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph "87" of the Complaint.

88.     Defendant denies the allegations of paragraph "88" of the Complaint.

89.     Defendant denies the allegations of paragraph "89" of the Complaint.

90.     Defendant denies the allegations of paragraph "90" of the Complaint.

91.     Defendant denies the allegations of paragraph "91" of the Complaint.

92.     Defendant denies the allegations of paragraph "92" of the Complaint.

## RELIEF REQUESTED

To the extent that any response is required to any of the paragraphs contained in the Complaint following the word "WHEREFORE" (on pages 16–18 of the Complaint), Defendant denies that Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted. In particular, the Complaint fails to provide any factual support for any of the claims from which the Court could conclude that Defendant is liable for any claim.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by the exhaustion doctrine/first sale doctrine. In particular, the NETGEAR brand products sold by Defendant are not materially different than the NETGEAR products authorized for sale by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands. In particular, Plaintiff's claims are barred by its own unlawful conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by trademark misuse.

\*       \*       \*

Defendant reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Defendant prays for judgment as follows:

A.      A dismissal with prejudice of Plaintiff's claims against Defendant and denial of any and all relief and prayers for damages to Plaintiff;

B.      An award of costs and fees incurred in this Action; and

C.      Such other and further relief as the Court shall find just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby requests a jury trial for all issues triable by jury.

**COUNTERCLAIMS**

Defendant/Counterclaim-Plaintiff Firemall Enterprises Inc. ("Firemall"), through its counsel, as and for its counterclaims against the Plaintiff/Counterclaim-Defendant Netgear Inc. ("Netgear"), alleges as follows:

**THE PARTIES**

1.      Firemall is a New York corporation with a place of business in New York.

2.      On information and belief, Netgear is a Delaware corporation with a principal place of business in San Jose, California.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

4.     This Court also possesses subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between Firemall and Netgear and the amount in controversy is greater than $75,000.

5.     This Court has personal jurisdiction over Netgear because it has subjected itself to the jurisdiction of this Court for purposes of these counterclaims, and because it transacts business within the State of New York, and has committed tortious acts causing injury within the State of New York.

6.     Netgear regularly, systematically, and continuously solicits business within the State of New York and within this District via respective websites (including through Amazon.com), through which it sells, and offers for sale, products that compete with Firemall.

7.     Netgear has established sufficient minimum contacts with this District such that they should reasonably and fairly anticipate being called into court in this District.

8.     With respect to these counterclaims, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

9.     Netgear is in the business of manufacturing and distributing networking hardware under the "NETGEAR" brand ("Netgear Products").

10.    Netgear is the registrant of U.S. Trademark Registration Nos. 2,124,219 and 5,760,720 for the mark NETGEAR ("the Netgear Registrations").

11.    Firemall is in the business of lawfully acquiring and re-selling various products for a profit.

12.    Firemall resells products through an Amazon storefront.

13.    Since its formation, Firemall's Amazon storefront has served thousands of customers.

14.     Netgear and Firemall are competitors in the sale of network hardware products.

## Online Marketplaces

15.     On information and belief, Amazon is the world's largest online retailer.

16.     According to published reports, "Amazon's market cap alone is bigger than the nine biggest U.S. retailers put together." Dorothy Neufeld, *Visualizing the Size of Amazon, the World's Most Valuable Retailer*, Visual Capitalist (July 2, 2020), https://www.visualcapitalist.com/amazon-worlds-most-valuable-retailer/.

17.     Amazon's online e-commerce platform allows third parties, like Firemall, to sell products on its e-commerce platform.

18.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

19.     A significant portion of Firemall's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

20.     Once Firemall acquires products from reputable sources, Firemall resells the same products on Amazon at a profit.

21.     Firemall has invested significant efforts into building a successful and reputable Amazon storefront.

22.     Since its inception, Firemall's Amazon storefront has amassed thousands of reviews and holds a near perfect customer rating.

23.     Any harm that comes to the relationship between Firemall and Amazon creates the potential for serious irreparable injury to Firemall.

24.     Netgear's illegal actions, as detailed herein, have irreparably damaged, and threaten to destroy, Firemall's successful business.

## NETGEAR VIOLATES AMAZON'S POLICIES AND
## ENGAGES IN PRICE MANIPULATION AND REVIEW MANIPULATION

25.     Netgear is a vendor to Amazon.  In other words, Netgear supplies numerous Netgear Products to Amazon on a wholesale basis, which in turn are advertised and sold to Amazon customers.

26.     Amazon allows its vendors and third-party sellers to create or submit requests to create "variation" relationships between products sold on Amazon.com that are substantially the same. Such products may differ only in narrow, specific ways—such as color or quantity. According to Amazon, substantially different products should not share a variation relationship.

27.     Products that have a variation relationship share the same product detail page. Each product in the variation relationship will appear as an alternative choice on the product detail page and when a shopper selects a different product in the variation relationship, the content of the product detail page, such as the pictured product, the product description, or the price, may change.

28.     The variation relationship enables buyers to compare and choose among product attributes (such as color, size, quantity, or flavor) from a single product detail page, thereby facilitating customer choice and ease of shopping. An example would be the same shirt that comes in multiple colors and different sizes. An Amazon.com page explaining variation relationships, gives the following example:



29.     The product detail page of products that are in a variation relationship displays the total number of ratings and reviews and the average star rating for all the products in the variation relationship. All the products in a variation relationship also share any "Amazon's Choice" badges. The product detail page of products that are in a variation relationship shows the ratings and reviews of all the products in the variation relationship.

30.     Recognizing the immense potential for consumer confusion and false advertising by sellers, Amazon has implemented a strict and detailed "variation policy," to which all sellers must abide.

31.     Specifically, in acknowledging that the misuse of variations/parent-child relationships "create a negative customer experience," Amazon specifically prohibits vendors from "[a]dding incorrect child variations that are not true variations of the parent product." Such prohibited conduct includes *inter alia* (i) adding products that are fundamentally different from the parent ASIN; (ii) adding products images and/or names that are that are fundamentally different

from the parent ASIN; and (iii) adding products that are newer versions or models of the parent ASIN.

32.    Netgear has ignored these policies and has submitted requests to Amazon to create variation relationships involving unrelated Netgear Products, including the examples described below.

33.    For example, on or about January 6, 2020, Netgear created Amazon ASIN B082LZKYFL for the "NETGEAR Orbi Whole Home Tri-band Mesh Wi-Fi 6 System" (the "Wi-Fi 6 Product"):



34.    Between January 2020 and September 2023, the above ASIN collected thousands of reviews and had an average rating of greater than 4 out 5 stars.

35.    In 2023, Netgear introduced its "Wi-Fi 7 System" and accordingly released new products to be compatible with that new system. To that end, in about September 2023 Netgear

released the "NETGEAR Orbi 970 Series Quad-Band WiFi 7 Mesh Network System" (the "Wi-Fi7 Product").

36.     The Wi-Fi7 Product is fundamentally different from the Wi-Fi6. For example, the two products are not compatible with the same underlying Wi-Fi technologies and have materially different designs.

37.     Rather than create a new ASIN for this new product listing on Amazon, Netgear devised a scheme to unlawfully and deceptively take advantage of the reviews and ratings already found on ASIN: B082LZKYFL.

38.     Specifically, on or about September 19, 2023, Netgear created a new ASIN for the Wi-Fi7 Product, ASIN B0CGJGXFCS, as a variation of the 2020 ASIN for the Wi-Fi 6 Product:

39.     By doing so, Netgear was able to deceive consumers into believing that its newly launched product had thousands of reviews and a greater than four star rating.

40.     One of Netgear's false advertisements is shown below:



41.     Consumers viewing this advertisement are deceived because, in reality, only a small fraction of the ratings pertain to the newly launched and different Wi-Fi7 Product.

42.     Specifically, by looking at the advertising/listing for the Wi-Fi 7 Product, consumers would be misled and deceived into believing that the product garnered about 4,652 ratings and 2,174 reviews, when less than 1% of the reviews and ratings advertised relate to the Wi-Fi7 Product.

43.     The Wi-Fi7 Product ASIN (B0CGJGXFCS) also displays the "Amazon's Choice" badge, which Amazon explains is based in part on customer ratings and "makes it easy to discover products that other customers frequently choose for similar shopping needs."

44.     This recognition not only gives legitimacy to a product and allows customers to make a well-informed purchasing decision, but also results in more impressions, higher conversions, higher rankings, and ultimately higher sales.

45.     On information and belief, by creating the Wi-Fi7 Product ASIN (B0CGJGXFCS) as a false "variation" of the Wi-Fi6 Product, and thereby causing the review of the Wi-Fi6 Product to attach to the Wi-Fi7 Product, Netgear has caused the Wi_Fi7 Product to be advertised with an unwarranted "Amazon's Choice" Badge.

46.     As a result of Netgear's intentional misstatements and false grouping of the Wi-Fi7 Product as a "variation," consumers are deceived and confused into believing that Netgear's Wi-Fi7 Product is an "Amazon's Choice" product, when, on information and belief, it is not.

47.     Because many consumers rely upon the "Amazon's Choice" designation to make purchasing decisions, consumers are led to erroneously purchase the Wi-Fi7 Product, believing that it is an "Amazon's Choice" product when, in fact, the "Amazon's Choice" status is a result of Netgear's variation manipulation—and not the result of actual reviews for the Wi-Fi7 Product.

48.     As a result of Netgear's intentional manipulation of Amazon listings, consumers are deceived and confused into believing that Netgear's products have amassed thousands of positive reviews and high ratings, when, in fact, such reviews and ratings merely relate to a prior product.

49.     The United States Federal Trade Commission ("FTC") has deemed these same activities—including selling a new, unrelated product under a pre-existing listing so that it could cause the reviews from a prior product extend to the new, unrelated product—to constitute false advertisement and unfair or deceptive acts or practices. (*See* **Exhibit 1**).

50.     In February 2023, the FTC took action against a vitamin manufacturer that merged its new products on Amazon with different well-established products that had more ratings and reviews.

51. The Commission noted that "[b]oosting your products by hijacking another product's ratings or reviews is a relatively new tactic, but is still plain old false advertising[.]" https://www.ftc.gov/news-events/news/press-releases/2023/02/ftc-charges-supplement-marketer-hijacking-ratings-reviews-amazoncom-using-them-deceive-consumers.

52. The vitamin manufacturer was subsequently ordered to pay $600,000 to the FTC as monetary relief, the majority of which was returned to consumers earlier this year. https://www.ftc.gov/news-events/news/press-releases/2024/03/ftc-sends-more-527000-refunds-bountiful-consumers-deceived-review-hijacking-amazoncom.

53. Here, Netgear is engaged in the same "plain old false advertising" that the FTC deems false advertising and a deceptive trade practice.

54. Firemall has been harmed by Netgear's review manipulation.

**<u>Netgear Resorts to Sham Litigation to Eliminate Competition</u>**

55. As evidence of Netgear's bad faith, and in furtherance of Netgear's scheme to manipulate reviews and pricing on Amazon, Netgear seeks to remove third-party sellers from the Amazon marketplace.

56. Netgear engages in sham litigation, including this action, in order to harass and intimidate third party sellers such that they will cease competing with Netgear on Amazon.

57. Beginning in July 2024, Netgear unleashed a wave of ligation against third-party Amazon sellers:

| Date Filed | Case Caption |
|---|---|
| 7/9/2024 | *Netgear, Inc. v. Olive Branch Enterprises Inc.*, No. 7:24-cv-05183 (S.D.N.Y.) |
| 7/30/2024 | *Netgear, Inc. v. Firemall LLC*, No. 1:24-cv-05338 (E.D.N.Y.) |
| 8/5/2024 | *Netgear, Inc. v. Lovesio*, No. 6:24-cv-01441 (M.D. Fla.) |
| 8/12/2024 | *Netgear, Inc. v. Netgr Router et al.*, No. 1:24-cv-12071 (D. Mass.) |
| 8/14/2024 | *Netgear, Inc. v. Brooklyn Supply Inc.*, No. 4:24-cv-05152 (N.D. Cal.) |

58. On information and belief, the complaint filed in each action is a "form complaint" based on dubious and knowingly false allegations.

59. As an example of a sham allegation, Netgear alleges in this action (as it has in other actions) that "all NETGEAR Products sold by Defendant are non-genuine products" "[b]ecause Defendant . . . is unaware of the . . . prior chain of custody of the NETGEAR Product it sells." (Complaint, ¶ 19.)

60. Netgear knows that the foregoing is a sham allegation, unwarranted by existing law or by any nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

61. As another example of a sham allegation, Netgear alleges in this action (as it has in other actions) that Defendant sells "expired" networking hardware. (Complaint, ¶¶ 18, 25.)

62. Netgear knows that the foregoing is a sham allegation, unwarranted by any evidence.

63. Netgear knew that these allegations were false yet made them in bad faith as part of its scheme to eliminate competition and coerce third party sellers to refrain from selling Netgear Products.

## **COUNTERCLAIM I – DECLARATORY JUDGMENT**

64. Firemall incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–63 above.

65. Netgear has asserted claims against Firemall for purported infringement of its purported trademark rights, including the Netgear Registrations.

66. Firemall contends that it has never infringed on any of Netgear's purported trademarks, and in particular, its purchase and resale of Netgear Products were at all times lawful.

67. Firemall seeks to sell Netgear Products on Amazon and elsewhere on the Internet.

68. As a result of Netgear's assertion of claims against Firemall for infringement of Netgear's purported trademark rights, there is a definite and concrete dispute, touching the legal relations of the parties to this action.

## COUNTERCLAIM II – FALSE ADVERTISEMENT PURSUANT TO 15 U.S.C. § 1125

69. Firemall incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–68 above.

70. This is a claim for false advertising under 15 U.S.C. § 1125(a).

71. Firemall and Netgear compete in the computer networking products industry. Firemall has a commercial interest in its commercial and business reputation.

72. Firemall has established a business reputation as a popular and trusted seller of computer networking products on Amazon's online marketplace.

73. In connection with its advertising and promotion of Netgear Products, Netgear has made false or misleading descriptions of fact, or misrepresentations of fact, concerning the nature, characteristics, and qualities of Netgear Products.

74. Netgear knowingly manipulates Amazon listings in order to show inflated and unwarranted reviews for its products by misleadingly listing new products as "variations" of pre-existing products, instead of creating new listings for new products.

75. As a result, consumers are deceived and confused into believing that Netgear Products have amassed thousands of positive reviews and high ratings, when, in fact, such reviews and ratings merely relate to a prior product.

76. In numerous instances in connection with the advertising, promotion, offering for sale, or sale of its products sold on Amazon, Netgear represented, directly or indirectly, expressly or by implication that: (a) the apparent reviewers of certain of its products sold on Amazon had used and endorsed the product; (b) certain of its products sold on Amazon.com had received the numbers of customer ratings appearing on their Amazon product pages; and (c) certain of its products sold on Amazon.com had obtained the average star ratings displayed on their Amazon.com product pages.

77. In fact, in numerous instances in which Netgear made the representations set forth in the prior Paragraph, Netgear improperly requested that Amazon combine or variate newer or weaker selling products sold on Amazon with different or longer or better selling products sold on Amazon, and therefore: (a) the apparent reviewers of certain of its products sold on Amazon were not actual users or endorsers of the products, but instead had used and endorsed a different product; (b) certain of its products sold on Amazon received significantly fewer customer ratings than appeared to be the case from their Amazon.com product pages; and (c) certain of its products sold on Amazon obtained significantly lower average star ratings than appeared to be the case from their Amazon product pages.

78. Firemall has invested significant resources into building a successful and reputable Amazon storefront, and is being substantially harmed by Netgear's unfair business practices and false advertising to consumers.

79. Netgear's actions are likely to, or already have and will continue to, detrimentally impact Firemall's commercial and business reputation, as well as Firemall's sales of Netgear Products on Amazon.

80.     Firemall's injuries fall within the zone of interest protected by the Lanham Act because Netgear's false advertising has caused Firemall to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

81.     Netgear's wrongful acts as alleged in these Counterclaims constitute false or misleading representation of fact under 15 U.S.C. § 1125(a).

82.     The economic and reputational injuries suffered by Firemall were directly caused by Netgear's false and misleading representations.

83.     As a direct and proximate result of Netgear's actions, constituting false or misleading representation of fact, Firemall has been damaged (both in the form of lost sales and indirect in the form of loss of goodwill/reputation) and is entitled to monetary relief in an amount to be determined at trial.

84.     The aforesaid conduct of Netgear is causing irreparable injury to Firemall and will continue to both damage Firemall and deceive the public unless enjoined by this Court. Firemall has no adequate remedy at law.

## COUNTERCLAIM III – UNFAIR COMPETITION

85.     Firemall incorporates by reference and realleges each of the allegations set forth in Paragraphs 1–84 above.

86.     Netgear's unfair manipulation of Amazon listings by using old listings for unrelated new products in order to show inflated and unwarranted reviews for the new products, and use of sham litigation, constitutes unfair competition in violation of common law.

87.     Netgear's acts of false advertising and unfair competition, as described above, have caused and will continue to cause injury and damages to Firemall, and have caused and will continue to cause irreparable injury and loss to Firemall's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Firemall has no adequate remedy at law.

88.     Netgear acted in bad faith, with full knowledge of Amazon's policies and without regard to the likelihood of confusion of the public created by Netgear's activities.

89.     Netgear also acted in bad faith by initiating a slew of sham litigation aimed at eliminating fair competition.

90.     Netgear's actions have been intentional and willful and in conscious disregard of Firemall's rights and, therefore, Firemall is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Firemall prays for judgment as follows:

A.     An order declaring that Firemall has not infringed any valid and enforceable intellectual property right owned by Netgear, including the Netgear Registrations;

B.     Preliminary and permanent injunctive relief restraining Netgear, its agents, servants, employees, successors and assigns, and all others in concert and privity with Netgear, from engaging in further review manipulation and engaging in other acts of false advertising and unfair competition.

C.     An award of all damages that Firemall has suffered as a result of Netgear's false advertising;

D.     An award of all damages that Firemall has suffered as a result of Netgear's unfair competition;

E.     An award of all costs and fees incurred in this Action; and

F.     Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Firemall hereby requests trial by jury on all issues so triable including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Respectfully submitted,

Dated: November 21, 2024                By: _s/ Mark Berkowitz_

Mark Berkowitz
Michael Benzaki
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.:     (212) 216-8000
Fax:      (212) 216-8001
E-mail:  mberkowitz@tarterkrinsky.com
          mbenzaki@tarterkrinsky.com

***Attorneys for Defendant/Counterclaim-
Plaintiff Firemall Enterprises Inc.***